## SUTTON v. UNITED STATES.
### No. 10380.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1942.

Clint W. Hager, of Atlanta, Ga., for appellant.

Pierre Howard, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Frank Sutton, with certain others, was indicted, tried, and found guilty of possessing an unregistered distillery in violation of the Revenue Laws of the United States.[1] Appealing from the ensuing judgment against him, Sutton contends that the court below erred in refusing to direct the jury to find him not guilty.

We agree with appellant that there was not sufficient evidence to support the verdict against him. The Government's case was based upon the testimony of three officers of the Alcohol Tax Unit, who had made a preliminary investigation of the neighborhood surrounding the distillery and had conducted the raid upon it. Their testimony, as it related to appellant, was in substance as follows: That the still was located within 450 yards of appellant's house and within 300 yards of his barn; that several hundred pounds of sugar and malt were found in his barn; that appellant's son and others, who unquestionably were connected with the still, lived in Sutton's house; and that, on the night of the raid, voices were heard emanating from the house while appellant was there. It was not proved that appellant owned or controlled the land upon which the distillery was located, nor was there any evidence that he had ever been seen at the still or engaged in any pursuit in connection with it.

It appears that appellant was engaged in the logging business, and that the men who lived in his house assisted him in this enterprise. The testimony of the co-defendants, who were not contradicted or impeached, was that the sugar had been hidden in the barn and covered with corn shucks to conceal it from the appellant, and that appellant had no interest in or connection with the distillery, which was owned and operated solely by the codefendants. The sound of voices from within the house, either considered alone or in conjunction with the other evidence, was wholly lacking in probative value.

Though every question of credibility be resolved against the appellant, still the evidence did no more than raise a mere sus-

[1] 26 U.S.C.A. Int.Rev.Code, § 2810.

picion that he might, in some capacity, have been connected with the distillery. This did not meet the degree of proof requisite in criminal cases, and the motion for a directed verdict should have been sustained.

The judgment is reversed, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.